**Carlos Gerder Edenor SEGOVIA, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60372
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 2011.

Jesus A. Macias, Houston, TX, for Petitioner.

Joseph D. Hardy, Jr., Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Carlos Gerder Edenor Segovia, a native and citizen of El Salvador, petitions for review an order by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's decision that he did not qualify for asylum or withholding of removal. Segovia contends he is entitled to asylum and withholding of removal because he has a well-founded fear of future persecution based on his membership in two particular social groups: those who refuse to join the guerillas; and those who are believed to be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wealthy because they are returning from the United States.

Respondent maintains Segovia failed to exhaust his claim concerning those who resisted guerillas. Review of the record, however, shows that claim was sufficiently presented to the BIA. *Omari v. Holder,* 562 F.3d 314, 321–22 (5th Cir.2009).

The BIA's decision is reviewed for substantial evidence. *See Mikhael v. INS,* 115 F.3d 299, 302 (5th Cir.1997); *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, the BIA's decision will not be reversed unless the evidence compels a conclusion contrary to that reached by the BIA. *See Chen,* 470 F.3d at 1134.

Segovia has failed to produce sufficient evidence of a well-founded fear of future persecution based on his membership in a particular social group, and, therefore, is not entitled to relief. *E.g., Tesfamichael v. Gonzales,* 469 F.3d 109, 113 (5th Cir.2006). The suggested groups his claims are based upon are too general to comprise particular social groups for immigration purposes. *Mwembie v. Gonzales,* 443 F.3d 405, 414–15 (5th Cir.2006) (noting that to establish membership of particular social group, applicant must show member of group sharing common immutable characteristic); *see also Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1576–77 (9th Cir.1986) (holding class of young, working class, urban males too all-encompassing to meet requirements of *particular* social group); *In re A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 74 (BIA 2007) (finding proposed group of wealthy Guatemalans "not so readily 'identifiable' or sufficiently defined as to meet the requirements of a *particular* social group within the meaning of the refugee definition") (emphasis in original). Insofar as Segovia asserts he is entitled to relief because political unrest makes it unsafe for him to return to El Salvador, his claim is similarly unavailing. *Eduard v. Ashcroft,* 379 F.3d

182, 190 (5th Cir.2004) (holding "applicant's fear of persecution cannot be based *solely* on general violence and civil disorder").

DENIED.