# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2013

No. 12-60822
Summary Calendar

Lyle W. Cayce
Clerk

MANUEL JESUS DIAZ, also known as Manuel Diaz,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087-934-395

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Manuel Jesus Diaz, a native and citizen of El Salvador, seeks our review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal of an order of the Immigration Judge (IJ) that denied his application for withholding of removal. Diaz claims that he is entitled to withholding of removal under 8 U.S.C. § 1231(b)(3)(a) because there is a clear probability that, if he is remanded to El Salvador, his life or freedom will be threatened because of his membership in a particular social group, viz., persons who have lived in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States and are thus perceived to be wealthy.  The BIA agreed with the IJ's determination that Diaz had failed to establish that his life or freedom would be threatened because of his membership in a particular social group.

We conclude that Diaz has abandoned his claim by failing sufficiently to brief the clear-probability element.  Pursuant to Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure, an appellant's argument must contain the reasons for the requested relief with citation to the authorities, statutes, and parts of the record on which he relies.  Diaz's brief fails to meet this standard: It contains only speculative and conclusional assertions that are unsupported by legal authority or record citations.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (holding that arguments not briefed are abandoned).  Alternatively, Diaz's speculative, conclusional assertions regarding the clear-probability element are insufficient to establish that he is entitled to withholding of removal.  *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); *Townsend v. INS*, 799 F.2d 179, 182 (5th Cir. 1986).

Regardless of the adequacy of Diaz's brief, his claim fails because he did not establish his membership in a particular social group.  To do so for purposes of withholding removal, Diaz had to show that he was a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).  Diaz has not shown that the BIA erred in determining that his proffered social group — individuals returning to El Salvador from the United States who are perceived as potentially wealthy — lacked the requisite particularity to be cognizable for purposes of asylum.  *See id.* at 518-21; *see also Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).

Diaz's petition for review is DENIED.