# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60590
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2015

Lyle W. Cayce
Clerk

HECTOR RAMIREZ-PINEDA,

                              Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                              Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 930 454

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Ramirez-Pineda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). First, he argues generally that the BIA erred in denying his application for asylum. The IJ dismissed his asylum application because it was not timely. The BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that he had waived this issue for failing to raise it on appeal to the BIA. Ramirez-Pineda has not identified any error in the BIA's decision. Because Ramirez-Pineda did not raise this issue in his appeal to the BIA, he failed to exhaust his administrative remedies concerning this claim and, therefore, we do not have jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Next, Ramirez-Pineda argues that the agency erred in denying his application for withholding of removal. He asserts that he has established a clear probability of future persecution based on his membership in a social group of young men who have been targeted by the La Familia criminal gang for harm because they have refused to join. He further contends that Mexican officials are unable or unwilling to protect him.

Substantial evidence supports the agency's denial of his application for withholding of removal. We have previously rejected a similar argument that young men who were recruited by criminal gangs constitute a particular social group because the proposed group lacked the necessary social visibility and did not meet the particularity test. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Ramirez-Pineda has not shown that the youth group on which he bases his claim is distinguishable from that alleged in *Orellana-Monson*. Therefore, he has not shown that the evidence compels a conclusion that it is more likely than not that he will be persecuted on account of his membership in this particular social group if he is removed to Mexico. *See Orellana-Monson*, 685 F.3d at 518; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Finally, Ramirez-Pineda contends that the agency erred in denying his application for relief under the CAT. He has not shown that the evidence compels a determination that if he is removed to Mexico, he will be subject to

torture by the La Familia gang or that Mexican officials will acquiesce or will not be able to prevent any acts of torture. *See Zhang*, 432 F.3d at 344-45. Further, we have held that the fact that officials try, but are unsuccessful, in their efforts to combat criminal elements does not satisfy this standard. *Chen v. Gonzales*, 470 F.3d 1131, 1142-44 (5th Cir. 2006); *see also Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

PETITION DENIED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION.