# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2017

Lyle W. Cayce
Clerk

FELIPE CASTILLO-DE LA GARZA

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 508 924

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Felipe Castillo-De La Garza, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's denial of his application for withholding of removal; in support, he claims he will be persecuted upon return to Mexico. (He has conceded removability, and abandoned his claims for cancellation of removal, asylum, and protection under the Convention Against Torture. *E.g.*, *Soadjede*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (issues not raised and briefed abandoned).)

The BIA's denial of withholding of removal is reviewed for substantial evidence. *E.g.*, *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This court will not reverse the BIA's decision on substantial-evidence review unless it concludes "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Zhang*, 432 F.3d at 344 (emphasis in original) (citing *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).

To support his claim for withholding of removal, Castillo was required to show a clear probability he will suffer persecution upon return to Mexico based on his membership in a particular, protected social group. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). Immigration law, *inter alia*, protects only those groups "of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences". *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal citation omitted).

The particular social groups Castillo identified do not, however, satisfy the particularity and social-distinction requirements for withholding of removal. *E.g.*, *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *Orellana-Monson*, 685 F.3d at 521–22. Our court has previously held neither young males subject to violence for refusing to join cartels, nor immigrants perceived to be wealthy based on their ties to the United States, are protected social groups for purposes of withholding removal. *E.g.*, *Ramirez-Pineda v. Holder*, 599 F. App'x 233, 234 (5th Cir. 2015) (young men targeted because they refused to join gang not a particular group); *Gonzalez-Soto*, 841 F.3d at 684 ("persons believed to be wealthy because they are returning . . . from the United

No. 16-60511

States" not a particular group) (citing *Diaz v. Holder*, 537 F. App'x 357, 358 (5th Cir. 2013)).  Castillo, therefore, has not shown a clear probability of future persecution based on his membership in a protected social group.

DENIED.