# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60531
Summary Calendar

————————

Jesus Duarte,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A089 937 396

————————————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Jesus Duarte, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of cancellation of removal, withholding of removal, and protection under the Convention Against Torture (CAT).

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60531

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its rulings of law are reviewed de novo. *Id.* The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Duarte argues that the BIA erred in denying his application for cancellation of removal based on the finding that he had failed to show that his United States citizen son would suffer exceptional and extremely unusual hardship upon his removal to Mexico. The hardship determination "is a discretionary and authoritative decision" which "is beyond [this court's] review" under 8 U.S.C. § 1252(a)(2)(B)(i). *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam). Accordingly, this court lacks jurisdiction to consider Duarte's challenge to the BIA's hardship determination.[1] *Id.*; *see Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022).

Duarte argues that the BIA abused its discretion in finding that he was ineligible for cancellation of removal under 8 U.S.C. § 1231(b)(3). He challenges the BIA's factual finding that his proposed social group of "imputed American citizen" was not cognizable. This court has repeatedly

---

[1] Duarte also argues that the IJ violated his right to due process by failing to consider and weigh all of the evidence in determining that he lacked the requisite good moral character for cancellation of removal. The BIA did not, however, address or adopt the IJ's findings regarding good moral character. As such, this court need not consider Duarte's arguments related to that factor. *See Rui Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

held, however, that "persons believed to be wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular social group to support an application for withholding of removal." *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (per curiam) (citing *Diaz v. Holder*, 537 F. App'x 357, 358 (5th Cir. 2013); *Segovia v. Holder*, 406 F. App'x 930, 930-31 (5th Cir. 2011)). As such, the BIA reasonably found that Duarte's proposed social group of "imputed American citizen" was not cognizable.

With respect to his other proposed social group of "nuclear family member of Lydia Gomez, a former Mexican police officer," Duarte asserts that the BIA erred in finding that he had failed to show a clear probability that he would be persecuted on account of his membership in this group. Substantial evidence supports the BIA's conclusion regarding nexus. *See Orellana-Monson*, 685 F.3d at 517. Duarte testified that in 2008 or 2009, the cartel threatened to kill his aunt Lydia if she did not quit the police force. His aunt later left the police force, and Duarte testified that she has not received any threats from the cartel in at least a decade. Furthermore, there was no evidence that the cartel had threatened or harmed any of Lydia's family members residing in Mexico. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) ("[T]he reasonableness of an alien's fear of persecution is reduced when his family remains in his native country unharmed for a long period of time after his departure.").

Duarte also argues that the BIA erred in applying the more stringent "one central reason" standard that applies to asylum claims when denying his claim for withholding of removal. He contends that the standard for showing nexus for withholding of removal is the lower "a reason" standard. He acknowledges, however, that this court has already rejected this argument in *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

No. 22-60531

Finally, Duarte argues that the BIA erred in adopting the IJ's denial of CAT protection. He contends that contrary to the IJ's finding, he faces a likelihood of torture in Mexico by the cartels. He emphasizes that his uncle was murdered by the cartels and his aunt was repeatedly threatened by the cartels. He also relies on country conditions evidence showing that cartels operate throughout the country with impunity, that government officials are corrupt, and that efforts to address criminality and gang violence in Mexico have largely been ineffective.

Though the country conditions evidence describes instances of police corruption and brutality, on balance, it does not compel the conclusion that Duarte would "more likely than not" be tortured if removed to Mexico. *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006); *see also Chen*, 470 F.3d 1142 (explaining that "[t]he government's inability to provide 'complete security' to the petitioner from [private actors] did not rise to the level of state action" required under the CAT).

Duarte's testimony about the threats and harm his family members experienced in Mexico likewise does not compel the reversal of the BIA's denial of CAT relief. *See Chen*, 470 F.3d at 1134. The incidents Duarte described involving his aunt and uncle occurred at least a decade ago, and as the BIA emphasized, Duarte's family members, including his aunt, continue to live in Mexico unharmed, which undermines his claim that he would be tortured. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015) (concluding that BIA reasonably denied CAT relief based, in part, on the finding that petitioner's family members were not tortured, despite remaining in Honduras after petitioner's brother was murdered).

The petition is DISMISSED in part and DENIED in part.