# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2019

Lyle W. Cayce
Clerk

SANTOS LEONIDAS NAVARRO,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 663 522

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Santos Leonidas Navarro, a native and citizen of El Salvador, moved the Board of Immigration Appeals (BIA) to reopen removal proceedings. The BIA denied Navarro's motion, finding that Navarro failed to demonstrate his prima facie entitlement to asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Navarro specifically challenges the BIA's conclusion that he did not identify a cognizable particular social group.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60024

We review the BIA's denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). The BIA's legal conclusions are considered de novo, and its factual findings are affirmed unless "the evidence compels" otherwise. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). "The petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* at 518 (internal quotation marks and citation omitted).

Navarro fails to carry that burden. As an initial matter, he did not "clearly indicate the exact delineation of any particular social group(s) to which [he] claims to belong." *Matter of W-Y-C*, 27 I. & N. Dec. 189, 191 (BIA 2018) (internal quotation marks and citation omitted)). For the first time on appeal, Navarro identifies three particular social groups: Salvadorans returning from the United States and perceived to be wealthy, "familial membership," and parents of disabled children.

A particular social group must have "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and "particularity," meaning it "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Orellana-Monson*, 685 F.3d at 519 (citations omitted). The BIA considered only the first one (i.e., Salvadorans returning from the United States and perceived to be wealthy) and correctly held that group fails the particularity requirement. *See, e.g., Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016).

The BIA did not address the second or third groups that Navarro identifies in his brief. Accordingly, this court lacks jurisdiction to consider Navarro's asylum claim to the extent it is based on these groups. *See Omari v.*

No. 18-60024

*Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (requiring an alien to exhaust all administrative remedies available as of right before this court may review a final order) (citing 8 U.S.C. § 1252(a)(1), (d)(1)).

Last, the news articles and U.S. State Department report of conflict between the government and gangs in El Salvador cannot establish that "it is more likely than not" Navarro would be tortured if removed to El Salvador. *See* 8 C.F.R. § 208.16(c)(2). That evidence is "too general" to support a finding that Navarro, specifically, would be tortured and that torture would involve "sufficient state action." *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (internal quotation and citation omitted).

Accordingly, Navarro's petition for review is DENIED in part and DISMISSED in part.