# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 19-60420
Summary Calendar

EDGAR DODANY REYES PADILLA,

*Petitioner*,

*versus*

WILLIAM P. BARR, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 143 975

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Edgar Dodany Reyes Padilla, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for withholding of removal, which he sought based on, inter alia,

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60420

his membership in a particular social group. Reyes Padilla does not brief and thus has abandoned any challenge to the BIA's additional rulings concerning his applications for withholding of removal based on his political opinion and for relief under the Convention Against Torture. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007). Furthermore, his failure to exhaust administrative remedies as to his CAT claim is a jurisdictional bar to our consideration of the issue. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

In this court, Reyes Padilla argues that he showed his eligibility for withholding of removal because he established his membership in a particular social group recognized by the IJ and the BIA, namely the Reyes family, and members of the group have suffered persecution. He contends that the persecution of other members of the Reyes family entitles him to a rebuttable presumption that he would suffer persecution if he is returned to Honduras. Alternatively, Reyes contends that he showed a clear probability of future persecution based on the persecution of other members of the Reyes family.

It is undisputed that Reyes Padilla has never suffered any physical harm. Given Reyes Padilla's testimony that, notwithstanding threats, members of his family have remained in Honduras unharmed for years, the denial of his application for withholding of removal was supported by substantial evidence, and he has not demonstrated that the evidence compels a contrary conclusion. *See Zhu*, 493 F.3d at 596-97; *see also Martinez-Lopez v. Barr*, 943 F.3d 766, 771 (5th Cir. 2019); *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683-84 (5th Cir. 2016); *Arif v. Mukasey*, 509 F.3d 677, 680-82 (5th Cir. 2007).

IT IS ORDERED that the petition for review is DENIED in part and is DISMISSED in part.