# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2021

Lyle W. Cayce
Clerk

No. 20-60424
Summary Calendar

Juan Carlos Hernandez,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 211 450

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Juan Carlos Hernandez, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his application for withholding of removal and dismissing his appeal of the IJ's denial of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application for relief under the Convention Against Torture (CAT). Hernandez specifically contends that the BIA erred in its conclusion that his proposed particular social group (PSG), males between the ages of 25 and 45 who have not lived in Mexico for over ten years, was not a legally cognizable PSG, and that he did not establish that he would face persecution on account of this proposed PSG if he returned to Mexico. He also argues that the BIA erred in dismissing his application for relief under the CAT, contending that he would be tortured or killed if he were removed to Mexico.

We review factual findings under the substantial evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Among the factual findings that we review for substantial evidence is the conclusion that an alien is not eligible for withholding of removal. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Hernandez asserts that he would likely be persecuted in Mexico on account of his membership in his proposed PSG because people would perceive him as wealthy after having lived in the United States for over 10 years. However, substantial evidence supports the decision that Hernandez did not establish that he was a member of a legally cognizable PSG. We have repeatedly held that persons perceived as wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular and socially visible PSG. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *see also Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).

Substantial evidence also supports the decision that Hernandez did not demonstrate a "clear probability" of persecution based on his proposed PSG. *Chen*, 470 F.3d at 1138. Hernandez does not present any evidence that he will be targeted for any reasons other than purely financial or general criminal motives, which we have held do not rise to the level of persecution. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Castillo-Enriquez*, 690 F.3d at 668; *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Furthermore, Hernandez's citation of the past incidents involving the theft of his family's livestock in Mexico before he left for the United States and the attacks on his brother who travels for work as evidence that he would face persecution if he returned to Mexico is unavailing, as these incidents did not constitute persecution on account of membership in Hernandez's proposed PSG. Additionally, while Hernandez cites to the general conditions of Mexico as evidence that he would face persecution, he does not show specific details indicating that he personally, on account of his proposed PSG, would be singled out for persecution. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004)

Lastly, although Hernandez indicated in his notice of appeal to the BIA that he was appealing the IJ's decision denying his application for withholding of removal and relief under the CAT, he challenged only the IJ's denial of withholding of removal in his brief before the BIA. We therefore lack jurisdiction to review Hernandez's claim for relief under the CAT because he has not exhausted the claim, and the petition will be dismissed as to this claim. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.