# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60722
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2016

Lyle W. Cayce
Clerk

ISMAEL GONZALEZ-SOTO, also known as Ismael Gonzalez,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:

Ismael Gonzalez-Soto petitions for review of the decision of the Board of Immigration Appeals (BIA), dismissing his appeal from the order denying his application for withholding removal under section 241(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3), and requiring his return to Mexico.  Gonzalez, a native and citizen of Mexico, was charged with being subject to removal for entering this country without inspection, pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.  Gonzalez-Soto conceded his removability on the ground charged and filed an application for withholding of

No. 14-60722

removal or, alternatively, voluntary departure.  (The BIA granted voluntary departure, subject to certain conditions.)

The decision of an immigration judge is reviewed to the extent it influenced the BIA; legal conclusions are reviewed *de novo* and factual findings, for substantial evidence.  *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016).

To qualify for withholding of removal, an alien "must demonstrate a 'clear probability' of persecution upon return".  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  Thus, Gonzalez was required to demonstrate his "life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion".  *Id.*  In that regard, Gonzalez contends his membership in two different social groups made him eligible for withholding of removal.  His claims fail in each instance.

First, he maintains he will likely face persecution in Mexico because the family of a man murdered by his father more than two decades ago allegedly targets him for revenge.  Gonzalez testified, however, that his mother, uncle, and siblings have continued to reside in Mexico since the murder.  The BIA may conclude "the reasonableness of an alien's fear of persecution is reduced when his family remains in his native country unharmed for a long period of time after his departure".  *Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004).  The BIA found Gonzalez' claim speculative, as no evidence supported a determination he would be persecuted on this ground.  The evidence does not compel a contrary conclusion.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Second, Gonzalez maintains he will likely face persecution in Mexico because he will be perceived to have wealth for having lived in the United

No. 14-60722

States.  An alien's proffered social group must be sufficiently particular and socially visible to be cognizable for purposes of withholding of removal. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 & n.1 (5th Cir. 2016). "Particularity is determined by 'whether the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons.'" *Id.* at 786–87 (internal citation omitted).

"We do not recognize economic extortion as a form of persecution under immigration law, nor do we recognize wealthy [citizens of a different nation] as a protected group." *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (internal quotation marks and citation omitted).  Further, persons believed to be wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular social group to support an application for withholding of removal.  *E.g.*, *Diaz v. Holder*, 537 F. App'x 357, 358 (5th Cir. 2013); *Segovia v. Holder*, 406 F. App'x 930, 930–31 (5th Cir. 2011).

DENIED.