# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2017

Lyle W. Cayce
Clerk

RIGOBERTO ESCALANTE-RODRIGUEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 655 611

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Rigoberto Escalante-Rodriguez, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for withholding of removal and relief under the Convention Against Torture (CAT). Escalante-Rodriguez argues that the BIA erred by concluding that he was ineligible for relief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60267

Because the BIA agreed with the IJ's conclusions regarding Escalante-Rodriguez's eligibility for relief, both the BIA's and IJ's decisions are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, Escalante-Rodriguez must demonstrate that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that of the BIA. *See id*. at 537.

Escalante-Rodriguez asserts that the evidence supports that he likely would be persecuted on account of his membership in a particular social group: Mexican deportees from the United States who are targeted by the Zeta gang due to their perceived wealth. However, the evidence does not compel a finding that Escalante-Rodriguez has a well-founded fear of future harm because he belongs to a particular social group. *See id*. He has not demonstrated that his proposed particular social group is cognizable. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (per curiam); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Furthermore, even if his proposed group were cognizable, the record does not compel the conclusion that his membership in the group is a central reason that he would be targeted. *See Wang*, 569 F.3d at 537; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Rather, the record supports that the Zetas have a criminal motive and seek illicit financial gain. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

Similarly, for purposes of relief under the CAT, the evidence does not compel a finding that Escalante-Rodriguez more likely than not would be tortured if he returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Wang*, 569 F.3d at 537. Escalante-Rodriguez has not established that the Zetas likely would commit abuse that constituted torture, that the Mexican government would acquiesce to the torture, or that he could not reside safely in some other part of Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Ramirez-Mejia v.*

*Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). His subjective belief that he or his family would be tortured by the Zetas does not compel a conclusion different from that reached by the BIA. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.