**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-2117**

---

TIGRESS SYDNEY ACUTE MCDANIEL,

Plaintiff - Appellant,

v.

MICHELLE FEIMSTER BAILEY; INFINITY BAIL BONDS, LLC; RICHARD HUFFMAN, a/k/a Dick Huffman; ANNA MILLS WAGONER; JULIA T. TITUS EMERSON; AMERICAN RELIABLE INSURANCE COMPANY; ASSURANT SPECIALTY PROPERTY; W. ERWIN SPAINHOUR; WELLS FARGO & COMPANY, a/k/a Wells Fargo Bank, a/k/a Wachovia Bank; DOES, 1-30,

Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cv-00448-RJC)

---

Submitted: January 30, 2018                         Decided: February 8, 2018

---

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

Tigress Sydney McDaniel, Appellant Pro Se. Jeffrey Brandt Kuykendal, MCANGUS, GOUDELOCK & COURIE, LLC, Charlotte, North Carolina; Benjamin David Schwartz, SCHWARTZ & STAFFORD, PC, Charlotte, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tigress Sydney Acute McDaniel filed in district court an action under 42 U.S.C. § 1983 (2012) and 42 U.S.C. § 1985 (2012). The district court sua sponte dismissed McDaniel's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012). We affirm the district court's judgment as modified to reflect that the dismissal be without prejudice.

"The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under [Fed. R. Civ. P.] 12(b)(6)." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). "Thus, we review this dismissal de novo and accept pleaded facts as true." *Id.* We liberally construe the allegations in a pro se complaint, although the "complaint still must contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

On appeal, McDaniel first argues that the district judge should have recused himself from the proceedings because McDaniel had recently appealed one of his orders in another case. McDaniel contends that the district judge would not have dismissed this case but for her exposure of his "substantially gross legal errors" in the other case. Any federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2012). To warrant recusal, "[t]he nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). McDaniel asks this court to assume that the district judge would not have dismissed this case unless he were offended by McDaniel's appeal in the other case,

3

but she offers no facts to support this conclusion. We perceive no error in the district judge's failure to recuse himself from this matter.

McDaniel next challenges the district court's ruling that she failed to state an actionable § 1983 claim and that none of the Defendants were subject to liability under § 1983. "To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted). "The statutory color-of-law prerequisite is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Applying these principles to the record before us, we discern no reversible error.

McDaniel correctly asserts that, in its dismissal order, the district court did not directly address her § 1985 claim. To bring a claim under § 1985, a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Thomas*, 841 F.3d at 637 (internal quotation marks omitted). "Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." *Id.* (internal quotation marks omitted). While McDaniel uses the words "conspiring" and "conspiracy" throughout her complaint, she "fails to allege with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made." *See A Soc'y*

4

*Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). Moreover, McDaniel does not allege that the Defendants were motivated by class-based animus. Accordingly, although the district court failed to directly address this claim in its order, the dismissal was not in error.

Thus, we conclude that the district court was right to dismiss the complaint.[*] However, because McDaniel was not given an opportunity to respond or amend her complaint before the court's sua sponte dismissal, we affirm the judgment as modified to reflect a dismissal without prejudice. *See Thomas*, 841 F.3d at 642. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

---

[*] Because the district court did not err in dismissing McDaniel's complaint for failure to state a claim under § 1983 and § 1985, we need not address the court's alternate theory that dismissal was appropriate under the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine.