# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2018

Lyle W. Cayce
Clerk

No. 17-60289
Summary Calendar

ELFEGO EMMANUEL ARCE-AGUIRRE, also known as David Arce-Aguirre, also known as Manuel Arce, also known as Christian David Trevino,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 458 152

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Elfego Emmanuel Arce-Aguirre, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an Immigration Judge (IJ) of his application for withholding of removal and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60289

We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA approved of, and relied on, the IJ's findings; thus, we may review the decisions of the IJ and BIA. *See Wang*, 569 F.3d at 536.

Additionally, we review for substantial evidence the determination that an alien is not eligible for relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, this court may not reverse the factual findings of the BIA unless the evidence compels it, i.e., the evidence must be so compelling that no reasonable factfinder could conclude against it. *Wang*, 569 F.3d at 536-37.

Arce-Aguirre challenges his prior deportation in 2012, arguing that misinformation by a government agent caused him to waive his due process rights and sign a stipulated request for removal. However, he did not raise this as an issue in his appeal to the BIA. Accordingly, he has failed to exhaust this issue and we lack jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). For the first time in his reply brief, Arce-Aguirre argues that his 2006 Texas conviction of attempted burglary did not constitute a crime involving moral turpitude, and he contends that he is entitled to apply for asylum. However, we will not consider arguments raised for the first time in a reply brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Additionally, Arce-Aguirre contends that he is entitled to withholding of removal because he demonstrated that it was more likely than not that he would be persecuted upon his return to Mexico based on his membership in a social group comprised of "young, [m]ale, repatriated Mexicans raised in the United States since childhood and who can't speak Mexican Spanish." "An applicant for withholding of removal must show that it is more likely than not

2

No. 17-60289

that his life or freedom would be threatened by persecution on account of . . . race, religion, nationality, membership in a particular social group, or political opinion." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (internal quotation marks and citation omitted); *see* 8 C.F.R. § 1208.16(b)(1)(iii).  With regard to membership in a particular social group, an alien must demonstrate that he is a member of a group of persons that "share a common immutable characteristic that they cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted).

Substantial evidence supports a determination that Arce-Aguirre did not establish that he was a member of a cognizable particular social group.  *See id.* at 518-19; *Wang*, 569 F.3d at 536-37.  His description of his particular social group is overbroad and fails to provide an adequate benchmark for determining group membership.  *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *Orellana-Monson*, 685 F.3d at 519, 521-22.  Therefore, the record does not compel a finding contrary to that of the BIA as to whether Arce-Aguirre established his eligibility for withholding of removal.  *See Wang*, 569 F.3d at 537; *Efe*, 293 F.3d at 906.

Arce-Aguirre also argues that the BIA erred in determining that he was not entitled to relief under the CAT because it misinterpreted and misapplied the CAT's definition of torture.  He contends that he was beaten by unknown men, that police made him stand up while in pain and took a bribe from him to return him home after the beating, and that he was questioned at a military checkpoint at gunpoint about his lack of identification and his whereabouts before he was deported.

3

No. 17-60289

For an alien to obtain relief under the CAT, he must show that it is more likely than not that he would be tortured if he returned to the designated country of removal. § 1208.16(c)(2). "Torture" includes any act by which severe pain or suffering, either physical or mental, is intentionally inflicted on a person for such purposes as intimidating or coercing him when the pain or suffering is inflicted at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1).

Arce-Aguirre's evidence of country conditions and past incidents does not compel a finding that it is more likely than not that he will be tortured by or with the consent or acquiescence of the Mexican government upon his return to Mexico. *See* §§ 1208.16(c)(2), 1208.18(a)(1); *Wang*, 569 F.3d at 537. Notably, he has provided no evidence, beyond his own speculation, that the beating that he received from an unknown group of men was done by or with the acquiescence of the Mexican government, and the record contains evidence that the Mexican government has taken action to aid deportees and fight corruption and criminal action. *See* § 1208.18(a)(7); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Chen v. Gonzales*, 470 F.3d 1131, 1142-43 (5th Cir. 2006); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354-55 (5th Cir. 2002).

In light of the foregoing, Arce-Aguirre's petition for review is DENIED.