# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2021

Lyle W. Cayce
Clerk

No. 20-60386
Summary Calendar

Gipson Fernandes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 075 024

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

Gipson Fernandes, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60386

Against Torture (CAT).  We review factual findings for substantial evidence and legal conclusions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).

We have authority to review only the order of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).  We will review both decisions to the extent the BIA adopted the findings and conclusions of the IJ. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

Fernandes contends that the BIA erred by not conducting a meaningful analysis of the documentary evidence.  The BIA "does not have to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (internal quotation marks and citation omitted).

Here, as the IJ determined, the documentary evidence, read as a whole, showed instances of "random" and "isolated" adverse acts toward Christians at various times and in various locales in India.  On appeal, the BIA determined that Fernandes had not shown error by the IJ because he had not pointed to evidence supporting the claim of a "pattern or practice . . . of persecution" that the IJ failed to consider.  8 C.F.R. § 1208.13(b)(2)(iii) (2021).  Further, as the IJ noted, the documentary evidence showed that the laws of India protect freedom of religion.  We conclude that Fernandes's contention that the BIA failed to conduct a meaningful analysis of the documentary evidence lacks merit. *See Efe*, 293 F.3d at 908.

Fernandes's own testimony established that he and his family openly practiced Catholicism and were never harmed.  Further, his family members in India have continued to practice the Catholic faith, without incident, after

No. 20-60386

Fernandes came to the United States.  This weighs against a determination that Fernandes has a well-founded fear of future persecution on account of his religion or his membership in a particular social group of Catholics in Goa, India.  *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683-84 (5th Cir. 2016) (summary calendar) (per curiam).

In view of the foregoing, substantial evidence supports the BIA's determination that Fernandes failed to meet his burden of proof for asylum because he did not establish a well-founded fear of future persecution.  *See Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020).  As Fernandes failed to establish eligibility for asylum, he cannot prevail on his claim for withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (summary calendar).

Fernandes also argues that the decisions of the IJ and the BIA regarding his claim for protection under the CAT are not supported by substantial evidence.  For purposes of the CAT, "[t]orture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1) (2021).

As the IJ determined, the record shows that the Indian government is engaged in ongoing efforts to curb extremist violence and has implemented laws to protect religious freedom.  The IJ acknowledged that such efforts have not been entirely successful.  But he determined that, given the government's efforts, he could not conclude that the government would acquiesce in torture.  Further, as the IJ noted, the evidence of record shows that Fernandes and his family have never been harmed in India, much less tortured.  In view of the foregoing, we conclude that the denial of Fernandes's CAT claim is supported by substantial evidence.  *See Chen*

No. 20-60386

*v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006); 8 C.F.R. § 1208.16(c)(3) (2021).

\* \* \*

The petition for review is DENIED.