# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2021

Lyle W. Cayce
Clerk

No. 19-60602
Summary Calendar

Yasiel Garcia Rojas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 895 129

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Yasiel Garcia Rojas, a native and citizen of Cuba, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60602

In the petition for review, he presents claims that pertain only to asylum, withholding of removal, and a violation of his right to due process. Therefore, he has abandoned any challenge to the BIA's determination that he was not eligible for protection under the CAT. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Moreover, to the extent that Garcia Rojas argues that he has a well-founded fear of future persecution based on his membership in the particular social group of "opponents," this claim has not been exhausted, and therefore we lack jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

To establish eligibility for asylum, an applicant must prove that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). The burden is on the applicant to present "specific, detailed facts" to demonstrate past persecution or a well-founded fear of future persecution. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Faddoul v. I.N.S.*, 37 F.3d 185, 188 (5th Cir. 1994)).

Persecution is not mere harassment or discrimination, and instead "is a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.'" *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)). While Garcia Rojas argues that he suffered

persecution when he was detained by Cuban authorities for 72 hours and when his restaurant was forcibly closed, these incidents are not extreme enough to compel a finding of persecution. Although he was detained for 72 hours and he was questioned every two to three hours, this fails to rise to the level of physical persecution because he was not physically injured in any way. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir. 2006). Moreover, the economic hardship that that Garcia Rojas suffered because he was forced to close his restaurant is not severe enough to constitute persecution when he was able to find other work, and was eventually able to acquire another restaurant license, in the past. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004) (quoting *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 583 (5th Cir. 1996)). Accordingly, there is no basis to overturn the BIA's determination that Garcia Rojas failed to demonstrate past persecution.

To demonstrate a well-founded fear of future persecution, an applicant must demonstrate "a subjective fear of persecution, and that fear must be objectively reasonable." *Gjetani*, 968 F.3d at 399 (quoting *Eduard*, 379 F.3d at 189). Garcia Rojas has failed to demonstrate that his fear of persecution based on his political opinion is objectively reasonable because his wife, children, parents, and siblings still live in Cuba. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683–84 (5th Cir. 2016). Moreover, although he asserts that he will be targeted by the Cuban government because of his political opinion, he has offered no evidence that he is politically active. In fact, he testified that while he does not agree with the Cuban system, he is not interested in politics. Finally, his fear of punishment for violating Cuba's travel restrictions is not a fear of persecution, but of prosecution, because no evidence has been offered showing that the punishment was motivated because of a protected ground. *See Tesfamichael*, 469 F.3d at 117. Accordingly, substantial evidence supports the BIA's determination that Garcia Rojas did not have a well-founded fear of future persecution.

No. 19-60602

Because Garcia Rojas "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," he cannot meet the more stringent burden for obtaining withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)).

When considering a petition for review, we review due process claims de novo. *Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). To prevail on a due process claim raised in removal proceedings, "an alien must make an initial showing of substantial prejudice by making 'a prima facie showing that the alleged violation affected the outcome of the proceeding.'" *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)).

Garcia Rojas argues that his due process rights were violated because he was unable to properly communicate with the immigration judge or the interpreter, the interpreter translated poorly and inadequately, and the presence of immigration officers in the room prevented him from fully engaging with the court. But he has failed to identify any specific instances where he did not understand the judge or interpreter, where the translator mistranslated a statement, or where the immigration officials made him feel uncomfortable. In any event, his assertions are not supported by the record because he answered all the immigration judge's questions, he did not ask the immigration judge or counsel for the Department of Homeland Security to repeat themselves, and he never expressed concern with the interpreter's translations. Because Garcia Rojas has failed to establish that he was precluded from meaningfully presenting his case, he has failed to demonstrate a due process violation. *See Okpala*, 908 F.3d at 971.

For these reasons, the petition for review is DENIED.