# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2021

Lyle W. Cayce
Clerk

No. 19-60828
Summary Calendar

Francisco Javier Gonzales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 238 077

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Francisco Javier Gonzales, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's (IJ) denying his applications for: asylum; withholding of removal; and protection under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT). He contends: the IJ erred in finding his asylum application untimely; the BIA erred in denying asylum and withholding of removal based on failure to establish any past harm and fear of future persecution by Honduran criminal gangs on account of his membership in a cognizable particular social group; and the BIA erred in finding he failed to show the gangs would torture him with the acquiescence, or willful blindness, of public officials.

"On petition for review, we generally examine only the BIA decision and not that of the IJ." *Marques v. Lynch*, 834 F.3d 549, 552 (5th Cir. 2016). On the other hand, to the extent the IJ's ruling affects the BIA's decision, we review it. *Id.* at 553 (citing *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007)). Decisions denying asylum, withholding of removal, and relief under CAT are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under such standard, reversal is improper unless the evidence compels a contrary conclusion. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Regarding whether the IJ erred by finding his asylum application untimely, the application must be filed within one year following arrival in the United States, unless applicant qualifies for an exception, such as having previously applied for asylum, or can demonstrate "changed circumstances which materially affect[ed] the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application" within the one-year period. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(2). The IJ found Gonzales' application untimely because it was filed eight years after he arrived in the United States; the BIA adopted and affirmed the IJ's decision to deny asylum because, even if it was timely filed, Gonzales failed to establish his qualifying for asylum. In the light of Gonzales' failing to file a timely asylum application, he may only receive his requested relief if he qualifies for an exception.

No. 19-60828

Gonzales contends criminal gangs in Honduras would target him because of his membership in one of several particular social groups, which are primarily based on his lengthy residence in the United States and the perception he would be wealthy because he had worked in the United States. Economic extortion and conduct driven by purely personal or criminal motives, however, do not constitute persecution on account of a protected ground. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (holding economic extortion not a form of persecution under immigration law). Our court has repeatedly held "persons believed to be wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular social group". *E.g.*, *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (addressing withholding of removal claim). The BIA's denying asylum is consistent with our precedent and supported by substantial evidence.

Gonzales' failure to show his eligibility for asylum is also dispositive of his claim for withholding of removal. *See Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) ("Because substantial evidence supports the BIA's finding . . . [defendant] failed to meet his burden for asylum, he has also failed to carry his [greater] burden for withholding of removal.").

Gonzales claims he demonstrated his eligibility for relief under CAT because he showed the government in Honduras is unable or unwilling to protect its citizens from the gangs. General evidence of widespread gang violence and claims of police inaction in response to criminal activity is insufficient to compel a conclusion that a public official would acquiesce in gang members' attempts to harm Gonzales if he is removed to Honduras. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 772–73 (5th Cir. 2019); *Ramirez-Mejia*, 794 F.3d at 493–94.

DENIED.

3