# United States Court of Appeals for the Fifth Circuit

No. 20-60259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2021

Lyle W. Cayce
Clerk

Yanira Elizabeth Rubio,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 290 015

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Yanira Elizabeth Rubio, a native and citizen of El Salvador, challenges the Board of Immigration Appeals' (BIA) dismissal of her appeal from an Immigration Judge's (IJ) order denying her applications for: asylum;

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal; and relief under the Convention Against Torture (CAT). Her claims fail.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (internal quotation marks and citation omitted).

Regarding the asylum claim, the BIA agreed with the IJ that Rubio entered the United States in 2005 but did not file an application for asylum until 2017. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring alien's application for asylum to be filed within one year of arrival in the United States unless alien can demonstrate changed or extraordinary circumstances). The BIA concluded Rubio waived review of the IJ's determination she was ineligible for asylum based on her untimely application because she failed to brief the issue to the BIA. Our court lacks jurisdiction to review this dismissal. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009) ("[P]arties must fairly present an issue to the BIA to satisfy [8 U.S.C.] § 1252(d)'s exhaustion requirement"); *see also Roy v. Ashcroft*, 389 F.3d 132, 135 n.2 (5th Cir. 2004) (noting that, under 8 U.S.C. § 1158(a)(3), the court lacks jurisdiction to review the BIA's time-bar determination for an asylum application).

To qualify for withholding of removal, an alien "must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion". *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citation omitted). If an alien can establish past persecution based on membership in a relevant group, the burden shifts to the Government to

show the threat no longer exists or can be mitigated through relocation; otherwise, the alien must demonstrate she will "more likely than not" suffer persecution. 8 C.F.R. § 1208.16(b)(1)(i), (2). "[T]he requirement of 'clear probability' of persecution requires the applicant to show a higher objective likelihood of persecution than that required for asylum". *Chen*, 470 F.3d at 1138 (internal quotation marks and citation omitted).

To establish past persecution, Rubio relies on a four-month period in which an alleged gang member: pressured her to be his girlfriend and to be involved with the gangs; implied violence if she continued to refuse; chased her after school; and sent her notes. He did not physically harm her. This conduct is insufficient to establish past persecution. *See, e.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 187–88 (5th Cir. 2004) (holding harassment, threats, and an incident of minor violence do not constitute past persecution for an asylum claim). Further, Rubio fails to show she will more likely than not suffer future persecution. Outside of the gang member's threat to Rubio's aunt in 2005, there is no evidence showing he has continued to threaten or harass Rubio or her family in the years since. While she testified that several friends and family members have been killed or kidnapped after 2005, Rubio did not claim they were killed by the same gang member, his alleged gang, or as a threat directed at her. Moreover, when discussing her fear of future persecution, she stated it was partly economic in nature. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) ("We do not recognize economic extortion as a form of persecution under immigration law".) (internal quotation marks and citation omitted).

Finally, to obtain relief under CAT, Rubio must show, *inter alia*, it is more likely than not she would be tortured if returned to her home country. *See Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005). The BIA's determination—that there was insufficient evidence Rubio would be targeted for future torture "by, or at the instigation of, or with the consent or

No. 20-60259

acquiescence of," the Salvadoran government—was supported by substantial evidence. *See* 8 C.F.R. § 1208.18(a)(1).

DISMISSED IN PART; DENIED IN PART.