# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-60402
Summary Calendar

Fredy William Alvarenga-Alvarado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209-900-693

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Fredy William Alvarenga-Alvarado, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60402

the Convention Against Torture ("CAT").  Alvarenga-Alvarado contends that he was persecuted by police officers, and fears future persecution, based on his anti-police corruption political opinion and his membership in a particular social group ("PSG") defined as "Salvadoran Cattle Farmers."

We review the BIA's final decision and will only consider the IJ's decision when it influenced the BIA's decision.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  We review factual findings under the substantial evidence standard and legal questions *de novo*, giving deference to the BIA's interpretation of any ambiguous immigration statutes.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).  Whether an applicant is eligible for asylum, withholding of removal, or relief under the CAT is reviewed for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, Alvarenga-Alvarado must show that he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b)(1).  Alvarenga-Alvarado has failed to show that the harm he suffered in El Salvador rises to the level of persecution, or that he has a well-founded fear of future persecution on account of a protected ground.  *See Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683–84 (5th Cir. 2016).  Because Alvarenga-Alvarado has failed to demonstrate his entitlement to asylum, he has also failed to demonstrate his entitlement to withholding of removal.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).  Finally, Alvarenga-Alvarado has failed to establish that it was more likely than not that he will be tortured if he is returned to El Salvador.  *See Chen*, 470 F.3d at 1134.

No. 20-60402

Accordingly, Alvarenga-Alvarado's petition for review is DENIED.