# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2021

Lyle W. Cayce
Clerk

No. 20-60848
Summary Calendar

Florinda Josefina Lopez Diaz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 841 361

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Florinda Josefina Lopez Diaz, a native and citizen of Guatemala, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying her application for withholding of removal.  Lopez Diaz contends that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60848

BIA erred in its conclusion that she had not established past persecution or a well-founded fear of future persecution on account of her political opinion or race.

We review findings of fact, including the denial of withholding of removal, under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the decision (1) be based on the evidence presented and (2) be substantially reasonable. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). We may not reverse factual findings unless the evidence "compels" reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Lopez Diaz asserts first that she experienced past persecution on account of her political opinion. She explains that her father once participated in some political activity several years before he was murdered and that, after her father's death, she also received a death threat from the people who had killed her father. Lopez Diaz also contends that she experienced past persecution when, on a single occasion, she was robbed in Guatemala City, ostensibly because of her Mam race. For similar reasons and because her daughter suffers from a chronic medical condition, Lopez Diaz also urges that she will be the victim of future persecution if she is returned to Guatemala.

The IJ and BIA concluded that Lopez Diaz had not demonstrated past persecution or a well-founded fear of future persecution on account of a protected ground. Lopez Diaz does not identify any political opinion she holds or that can otherwise be imputed to her, and she merely speculates that she was robbed because of her Mam race. Thus, she has not pointed to any

2

No. 20-60848

evidence that compels a conclusion she was or will be persecuted on account of a protected ground. *See Zhao*, 404 F.3d at 306; *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019). Further, Lopez Diaz's family members remain in Guatemala without harm, which reduces the reasonableness of her fear of future persecution. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683-84 (5th Cir. 2016).

Lopez Diaz also points to her daughter's illness and argues that removal to Guatemala would invite further persecution and unnecessary hardship upon her family. Again, this evidence does not compel a conclusion that Lopez Diaz herself would face persecution on account of a protected ground, *see Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006), and Lopez Diaz may not urge a derivative claim based on her daughter's illness, *see Kane v. Holder*, 581 F.3d 231, 240 (5th Cir. 2009).

Lastly, Lopez Diaz refers to her membership in a particular social group as another basis for relief. But Lopez Diaz informed the IJ that she was advancing no such claim, and the BIA did not address any related contention. Therefore, Lopez Diaz has not exhausted this issue, and we lack jurisdiction to address it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2019).

The petition is DENIED in part and DISMISSED in part.