# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2022

Lyle W. Cayce
Clerk

No. 20-61058
Summary Calendar

Miguel Angel Zamora-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 888 943

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Miguel Angel Zamora-Flores, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals (BIA) adopting and affirming the Immigration Judge's (IJ) order denying Zamora-Flores's application for asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61058

Convention Against Torture (CAT) relief. To the extent that the BIA relied upon the IJ's decision, we review the decisions of both the BIA and the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

We review the denials of asylum, withholding of removal, and CAT relief for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial-evidence standard, we "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Zamora-Flores's three-day police detention for failing to possess a Nicaraguan cedula, during which time he was given little food or water but was otherwise unharmed, does not constitute past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 112, 117 (5th Cir. 2006). Further, the BIA permissibly concluded that Zamora-Flores had not established a well-founded fear of future persecution given his testimony that several of his family members who share his political opinions have suffered no harm. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 683-84 (5th Cir. 2016). Because he fails to show that he qualifies for asylum, his claim for withholding of removal necessarily also fails. *See Yang v. Holder*, 664 F.3d 580, 588-89 (5th Cir. 2011).

Finally, while Zamora-Flores relies upon generalized evidence of dangerous and oppressive country conditions in Nicaragua, he offers no evidence establishing that he himself will more likely than not be tortured there. *See Chen v. Gonzales*, 470 F.3d 1131, 1140-41 (5th Cir. 2006). He fails to show that the denials of asylum, withholding of removal, and CAT relief are unsupported by substantial evidence. *See Zhang*, 432 F.3d at 344; *Gomez-Palacios*, 560 F.3d at 358.

The petition for review is DENIED.