# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-60461
Summary Calendar

Diego Padilla Suarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 710 658

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Diego Padilla Suarez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60461

Convention Against Torture (CAT). He does not challenge, and thus has waived any argument he may have had concerning the rejection of his asylum application as untimely. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the decision of the BIA for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we consider the IJ's decision only to the extent that it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Padilla Suarez has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether he was a member of a cognizable PSG and thus has not met the substantial evidence standard with respect to this issue. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *Zhang*, 432 F.3d at 344. He concomitantly has shown no error in the BIA's conclusion that he was ineligible for withholding. *See Jaco*, 24 F.4th at 407. With respect to his CAT claim, he has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether he more likely than not will be tortured with government acquiescence if repatriated. *See Zhang*, 432 F.3d at 344; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The petition for review is DENIED.