# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-60903
Summary Calendar

───────────

Genaro Lopez Rodriguez; Yuridia Aparicio Moreno,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 845 668, A208 845 669

───────────

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Former spouses Genaro Lopez Rodriguez and Yuridia Aparicio Moreno, natives and citizens of Mexico, petition for review of the decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the

─────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60903

immigration judge's (IJ) denial of their applications for withholding of removal and protection under the Convention Against Torture (CAT).

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of withholding of removal and CAT protection are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal. *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

On review, the petitioners argue that they are entitled to protection under CAT. However, they failed to raise that issue in the first instance before the BIA. Thus, they did not exhaust their administrative remedies as to this issue thereby depriving us of jurisdiction to hear it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360-61 (5th Cir. 2022).

The petitioners' applications for withholding of removal are based on membership in the proposed particular social group (PSG) of "individuals between 25 to 40 who have been in the United States for several years and then returned to Mexico." They testified that they were victims of several robberies before leaving Mexico and will be especially targeted once they return. Substantial evidence supports the BIA's holding that the IJ properly found this group not cognizable because it contains people from broad swaths of society with different characteristics and is thus not particularized. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012); *Chen*, 470 F.3d at 1134. Furthermore, we have rejected a similar PSG of persons perceived to have wealth upon returning to Mexico from the United States. *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016).

No. 21-60903

Accordingly, Lopez Rodriguez and Aparicio Moreno's petition is DISMISSED in part and DENIED in part.