# United States Court of Appeals for the Fifth Circuit

No. 22-60138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

Maria Deisy Palma Palma,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 107 469

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Maria Deisy Palma Palma petitions for review of the decision by the Board of Immigration Appeals (BIA) denying her motion to reopen. We review the BIA's refusal to reopen for abuse of discretion. *Abubaker Abushagif v. Garland*, 15 F.4th 323, 329 (5th Cir. 2021).

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-60138

On review, Palma Palma has not shown that the BIA abused its discretion in finding that she failed to establish *prima facie* eligibility for asylum, withholding of removal, and protection under the Convention Against Torture (CAT)—the underlying relief she sought in filing her motion to reopen. *See Abubaker Abushagif*, 15 F.4th at 330 (holding that in order "[t]o establish a *prima facie* case in a motion to reopen, an alien must show that there is a reasonable likelihood that he is statutorily eligible for the relief he seeks"). Regarding her asylum and withholding of removal claims, Palma Palma's proposed particular social groups (PSG) of "Salvadoran women whose partners are beneficiaries of Temporary Protected Status" and "Salvadoran women who parent U.S. citizen children" are not cognizable under her circumstances. *See Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (holding that we do not recognize economic extortion as persecution and have rejected proposed PSGs based on people with wealth or perceived wealth because they are returning from the United States). She has failed to explain how her other proposed PSG of "Salvadoran women" is cognizable under her circumstances and has thus abandoned it on review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); Fed. R. App. P. 28(a)(8)(A) (requiring briefs to contain "appellant's contentions and the reasons for them, with citations to the authorities and [relevant] parts of the record").

Palma Palma's argument that the Salvadoran government is "hopelessly incapable of" preventing gang-related torture and persecution is insufficient to establish the state action requirement of her CAT claim. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (holding that "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes" of CAT). Furthermore, some evidence

2

in the record indicates that the Salvadoran government is attempting to combat gang violence with some success.

Finally, as to Palma Palma's arguments related to the BIA declining to exercise its sua sponte authority to reopen, we lack the jurisdiction "to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is no legal standard against which to judge that decision." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (internal quotation marks and citation omitted).

Accordingly, Palma Palma's petition for review is DENIED in part and DISMISSED in part.