# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2023

Lyle W. Cayce
Clerk

No. 21-60807

Abieser Gutierrez-Mendez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 142 669

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:*

Abieser Gutierrez-Mendez—a Mexican citizen—illegally entered the United States eighteen years ago. Seven years ago, the Department of Homeland Security commenced removal proceedings against him. In response, Gutierrez-Mendez requested cancellation of his removal and sought protection under the Convention Against Torture (CAT). Generally, Gutierrez-Mendez contended that his three children would suffer a hardship

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 21-60807

in his absence and that he'd be targeted if he returned to Mexico. Gutierrez-Mendez represented that deportees are preyed upon and tortured by criminal groups in Mexico because they are believed to be wealthy. And, those criminal groups act with impunity from—and even in coordination with—Mexican officials in carrying out their activities.

Gutierrez-Mendez's immigration judge disagreed. On review, the Board of Immigration Appeals affirmed the immigration judge. Specifically, the Board found that Gutierrez-Mendez's children wouldn't suffer an "exceptional and extremely unusual hardship" in his absence. Furthermore, the Board held that Gutierrez-Mendez's proposed social groups—various kinds of people who are deported from the United States after a long period of time—aren't recognized under the law. Finally, the Board rejected Gutierrez-Mendez's CAT claim on grounds that rampant crime alone isn't enough to demonstrate a high likelihood that the claimant will suffer from state-sanctioned torture. Now, Gutierrez-Mendez argues the Board erred on all three counts.

We review the Board's factual findings—including those related to a cancellation of removal and CAT claims—under the substantial evidence standard, meaning we don't "reverse the [Board's] factual findings unless the evidence compels it." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (quoting *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009)). Considering the law, Gutierrez-Mendez's petition for review doesn't pass muster for three reasons. First, we lack jurisdiction to consider the Board of Immigration Appeal's decision on hardship. Simply put, "the [Board's] determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision" that "is beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam) (citing *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022)). Second, we've already rejected Gutierrez-Mendez's proposed social groups as not cognizable under

2

the law. *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (per curiam) (finding "persons believed to be wealthy because they are returning to their home country from the United States" isn't "a sufficiently particular social group to support an application for withholding of removal").

Finally, Gutierrez-Mendez's CAT claim is contradicted by his own evidence. Gutierrez-Mendez claims that he may be tortured by private actors upon his return to Mexico with little to no intervention from government officials. In support of that argument, Gutierrez-Mendez submitted a report from the Department of State that discusses Mexico's high rate of violent crime. But, that same report noted that Mexican officials have taken active steps to reduce crime. We've found that governmental attempts at betterment can undermine a CAT claim for state-sanctioned torture. *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019) (per curiam) (finding that "although the record contains reports of some Honduran authorities working with gangs," the fact that "those same reports indicate that the Honduran government is working to combat both corruption and gang violence" weighed against the petitioner's state-acquiescence claim). Here, the Board found that Gutierrez-Mendez couldn't demonstrate that it's more likely than not that he will be tortured in Mexico. On review, the record—including Mexico's efforts to improve its crime rate—weighs against Gutierrez-Mendez's CAT claim. So, there's no evidence that compels reversal of the Board's findings. *Gonzales-Veliz*, 938 F.3d at 224. Consequently, the petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.