# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60435
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2024

Lyle W. Cayce
Clerk

Felipe Bueno Alvarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 066 560

————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Felipe Bueno Alvarez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) ordering him removed and denying his application for withholding of removal. We review the denial of withholding claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, this court may

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Zhang*, 432 F.3d at 344 (internal quotation marks and citation omitted). Bueno Alvarez's challenge to the BIA's rejection of his proposed particular social group (PSG), "Mexican nationals who are repatriated after considerable time in the U.S.," fails to meet these standards, as he points to nothing compelling a conclusion contrary to that of the BIA on the questions whether this proposed PSG is particular and distinct. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *see also Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016). Because membership in a cognizable PSG is an essential element of his withholding claim, this claim fails, and we need not consider his remaining arguments concerning it. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401.

His due process claim fails because it is grounded in the erroneous assertion that the BIA erred by rejecting his withholding claim, and the record rebuts his argument that the BIA failed to "thoroughly review" his withholding claim. His argument that his notice to appear (NTA) was fatally flawed is also unavailing. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). His reliance on *Matter of Fernandes*, 28 I. & N. Dec. 605, 608-11 (BIA 2022), is unavailing because, under that case, he waived any challenge to the NTA he may have had by not raising it sooner. *Id*. His request for a remand related to prosecutorial discretion is not supported by authority and is unpersuasive. Finally, his argument that the BIA did not address certain issues does not name these issues and amounts to no more than a conclusional assertion that shows no error in the decision challenged. The petition for review and his request for remand are both DENIED.