# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-60528
Summary Calendar

KAREN PATRICIA ENAMORADO-DUBON;
CHRISTOPHER ENAMORADO-DUBON,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 206 713 083
No. A 206 713 084

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Karen Enamorado-Dubon and her minor son, Christopher Enamorado-Dubon, natives and citizens of Honduras, petition for review of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an order of an immigration judge (I.J.) denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  To obtain relief, Enamorado-Dubon has the burden to establish membership in a cognizable particular social group ("PSG") and a nexus between the alleged persecution and membership in that group.  *See Jaco v. Garland*, 24 F.4th 395, 401–02 (5th Cir. 2021).  We review for substantial evidence the BIA's decision as to whether Enamorado-Dubon satisfied this burden for substantial evidence.  *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019*); see also Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018) (explaining that we review the I.J.'s decision only to the extent that it influenced the BIA).

Substantial evidence supports the BIA's decision that "Honduran women who live alone" and "Honduran mothers who live alone" are not cognizable PSGs because they lack particularity.  *See Gonzales-Veliz*, 938 F.3d at 232; *Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012).  Additionally, substantial evidence supports the BIA's decision that "Honduran women who are imputed construction material business owners" is not a legally cognizable PSG because a person's employment is generally not considered an immutable characteristic, given that it is subject to change.  *See Mwembie v. Gonzales*, 443 F.3d 405, 414–15 (5th Cir. 2006).  Similarly, this court has rejected proposed PSGs defined by wealth, perceived wealth, or fear of economic extortion.  *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016).  Therefore, substantial evidence supports the BIA's determination that "imputed wealthy Honduran women who refuse to cooperate with bandi-

---

[1] Christopher was a rider on Enamorado-Dubon's asylum application.

era" does not constitute a cognizable PSG.  *See Jaco*, 24 F.4th at 407; *Gonzales-Veliz*, 938 F.3d at 229.

Enamorado-Dubon has not shown that substantial evidence compels the conclusion that she was targeted for harm on account of her membership in her proposed PSGs comprised of "Honduran women" or "family members of Juan Ramon-Dubon." *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492–93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004). Because the cognizability and nexus issues are dispositive of Enamorado-Dubon's asylum claim premised on her six proposed PSGs, *see Gonzales-Veliz*, 938 F.3d at 224, there is no need to review her argument with respect to past persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Because Enamorado-Dubon fails to show that she is entitled to relief in the form of asylum, she cannot establish entitlement to withholding of removal, which requires a higher burden of proof.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Furthermore, we have rejected the argument that a relaxed nexus standard applies to withholding claims.  *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Finally, Enamorado-Dubon's challenge to the denial of CAT relief fails, as the evidence is insufficient to compel a conclusion that a public official would acquiesce in her torture if she were removed to Honduras.  *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228–29 (5th Cir. 2019); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

The petition review is DENIED.