# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60254
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

Rubenia Carolina Matute-Munguia; Jeyson Estiven Cruz-Matute; Wilson Estevan Cruz-Matute; Ashley Anahi Cruz-Matute,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 751 681,
A208 751 682, A208 751 683,
A208 751 688

———————————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Rubenia Carolina Matute-Munguia and her three children, Jeyson Estiven Cruz-Matute, Wilson Estevan Cruz-Matute, and Ashley Anahi

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Cruz-Matute, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They are natives and citizens of Honduras, and the children were derivatives on Matute-Munguia's application for relief.

Because the BIA affirmed without opinion in this case, the underlying decision of the immigration judge (IJ) is the proper focus of our review here. *See Mwembie v. Gonzales*, 443 F.3d 405, 409 (5th Cir. 2006). Legal questions are generally reviewed de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "[t]he petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

With respect to asylum and withholding of removal, Matute-Munguia claimed membership in two particular social groups: "persons in professions susceptible to extortion" and "women and girls with certain profiles or in specific circumstances, witness to gang violence." To be cognizable, a PSG must be (1) comprised of persons who share an immutable characteristic, (2) particularly defined, and (3) socially distinct within the society at issue. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). The petitioners have not shown that the IJ erred in determining that their proposed PSGs were not cognizable. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016); *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016); *Mwembie*, 443 F.3d at 414-15. They thus cannot demonstrate eligibility for asylum or withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

Accordingly, we need not address their remaining arguments on those forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

To obtain protection under the CAT, an applicant must demonstrate that, in the proposed country of removal, it is more likely than not that she would be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Thus, the applicant must show both that (1) she more likely than not would suffer torture and (2) sufficient state action would be involved in that torture. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz*, 938 F.3d at 225 (internal quotation marks and citation omitted).

Regarding state involvement, the petitioners assert that the local police failed to apprehend any suspects for the shootings of Matute-Munguia's mother and brother. Matute-Munguia's testimony reflected that she had only limited and vague information about the shootings and that the police made a report on the shootings but were unable to apprehend anyone. "[A] government's inability to protect its citizens does not amount to acquiescence." *Martinez Manzanares*, 925 F.3d at 229 (internal quotation marks and citation omitted). Substantial evidence supports the IJ's finding that the petitioners failed to show that any torture would involve the requisite state action. *See id.*

The petition for review is DENIED.