# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60206
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2024

Lyle W. Cayce
Clerk

Karla Odaly Bermudez-Guerrero; Maria Emma Bermudez-Guerrero,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 845 621,
A209 845 778

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Karla Odaly Bermudez-Guerrero (Guerrero) and her minor daughter, Maria Emma Bermudez-Guerrero, both natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of asylum, withholding of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

removal, and protection under the Convention Against Torture (CAT). Petitioners contend the BIA erred when it determined they did not belong to a legally-cognizable particular social group (PSG), and, alternatively, did not establish the requisite nexus between the persecution and their membership in the PSG. (Petitioners do not brief, and therefore abandon, any challenge to the denial of their CAT claim. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating unbriefed issues as abandoned).)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Whether a proposed PSG is legally cognizable is generally a question of law, but "its answer indisputably turns on findings of fact". *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Petitioners based their asylum and withholding-of-removal claims on the protected ground of membership in a PSG: Salvadoran women employed to collect money. An applicant must show, *inter alia*, that the PSG is "socially distinct within the society in question". *Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021); *see also Garcia-Gonzalez v. Garland*, 76 F.4th 455, 461–62 (5th Cir. 2023) (distinctiveness of proposed PSG is evaluated based on the perception of the society as a whole, rather than local communities). Petitioners' bare assertion that they belong to a socially distinct PSG because the 350 members of their community were aware of Guerrero's job as a money-collector does not compel the conclusion that the society as a whole has a socially distinct perception of Salvadoran women employed to collect

money.    Moreover, our court has rejected analogous PSGs involving perceived economic status because they were not sufficiently distinct. *E.g.*, *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) ("[P]ersons believed to be wealthy . . . do not constitute a" legally cognizable PSG.); *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (explaining economic extortion is neither a form of persecution under immigration law nor a cognizable PSG).    Accordingly, the BIA did not reversibly err in concluding the proposed PSG was not legally cognizable.

Because the failure to establish a cognizable PSG is dispositive of Petitioners' asylum and withholding-of-removal claims, our court "need not consider their [remaining] argument[] about nexus". *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).  "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

DENIED.